IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL ANTONIO TORIBIO VINCES, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-01392-L (BT) |
| | § | |
| MARKWAYNE MULLIN, SECRETARY | § | |
| OF DEPARTMENT OF HOMELAND | § | |
| SECURITY, ET AL. | § | |
| Respondents. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner Manuel Antonio Toribio Vinces's (Petitioner) Motion for Temporary Restraining Order and Preliminary Injunction (The Motion) (Doc. 2) filed on April 30, 2026. After considering the Motion, pleadings, and applicable law, the court **denies** Petitioner's Motion (Doc. 2).

Petitioner filed a habeas application under 28 U.S.C. § 2241 challenging his immigration detention. He argues that his detention violates his right to substantive and procedural due process under the Fifth Amendment, violates his right to equal protection under the Fifth Amendment, violates his rights under the Supremacy Clause, and violates the Administrative Procedure Act, 5 U.S.C. § 706(2). Doc. 1 at 17-20. Petitioner filed his motion for a temporary restraining order along with his habeas petition. Doc. 2 at 1. He alleges that a temporary restraining order is necessary because he is in removal proceedings with a "Master Hearing" before an immigration judge on April 28, 2026, to determine if he will be ordered removed from the United States, and he fears that the Government will remove him before the court can rule on his habeas petition, rendering it moot. *Id.* at 2, 4. He also appears to allege that a temporary restraining order is

**Memorandum Opinion and Order - Page 1**

necessary so that he will no longer be illegally confined. *See generally id.* He asks the court to enjoin Respondents from removing him from the United States pending resolution of his habeas petition, to enjoin the Respondents from transferring him to another detention facility pending resolution of his habeas petition, and to direct Respondents to immediately release him from confinement. *Id.* at 5-6.

A temporary restraining order preserves the status quo at the time the lawsuit was filed and prevents irreparable harm to the movant so that a court can "render a meaningful decision after a trial on the merits." *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-cv-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To warrant the extraordinary relief of a temporary restraining order, the movant must show:

> (1) A likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.

*Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

Preliminary relief should not "conclusively resolve legal disputes[,]" and thus a temporary restraining order is an inappropriate vehicle for granting ultimate relief. *Lackie v. Stinnie*, 604 U.S. 192, 200 (2025).

Here, to the extent that Petitioner's Motion asks the court to order Petitioner's release from confinement, he seeks the ultimate relief sought in his habeas petition, which is inappropriate in a motion for injunctive relief. A court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or temporary restraining order. *See, e.g., Torres Perez v. Warden of Prairieland Detention Center*, No. 3:26-cv-858, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026) (Brown, J.).

**Memorandum Opinion and Order - Page 2**

To the extent that Petitioner asks the court to enjoin Respondents from removing him from the United States or transferring him during the pendency of these habeas proceedings, his allegations that he will be removed or transferred while his habeas petition is pending are wholly speculative and insufficient to support injunctive relief. *See*, *e.g.*, *Hogan v. Salazar*, SA-19-cv-255-DAE, 2020 WL 13833090, at *3 (W.D. Tex. Feb. 24, 2020) ("Mere speculation or conclusory allegations of irreparable harm are insufficient to entitle a movant to injunctive relief.") (collecting cases). Put differently, Petitioner fails to show any likelihood of irreparable harm from his removal or transfer because he offers no proof that either of those events is imminent or will occur before the court can rule on his habeas petition.

Accordingly, the court **denies** the Motion (Doc. 2). The habeas Petition remains pending.

It is so ordered this 1st day of May, 2026.

Sam A. Lindsay
United States District Judge